UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EMERSON LESLIE,<br><br>             Plaintiff(s),<br><br>v.<br><br>GENEVIEVE CRAGGS, et al.,<br><br>             Defendant(s). | Case No.: 2:19-cv-01206-RFB-NJK<br><br>**ORDER** |

The Court has granted Plaintiff's motion to proceed *in forma pauperis*, Docket No. 12, and now screens his complaint pursuant to 28 U.S.C. § 1915.

**I.     BACKGROUND**

Although at times convoluted, the factual scenario painted by the complaint is as follows.[1] Plaintiff alleges that he was arrested on April 1, 2018, for assault with a deadly weapon, possession of a stun gun, and domestic battery. Docket No. 1-1 at 5. Plaintiff alleges that he was then held in custody despite two preliminary hearings at which the charges against him were dismissed for lack of evidence. *See id.* at 9. Plaintiff alleges that, despite the failure of the state to successfully proceed with fresh criminal charges, he was still imprisoned based on the above conduct and eventually found to have violated the terms of his parole. *See id.* at 11. As of the time he initiated

---

[1] The Court construes Plaintiff's complaint liberally. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

1

this lawsuit, Plaintiff remained in custody but was scheduled to again be paroled as of September 3, 2019. *See* Docket No. 4 at 3.

Plaintiff brought suit against 11 defendants who were involved in various stages with the above events, including the arresting officers, the prosecutors, the parole officers, and the parole board commissioners. *See* Docket No. 1-1 at 2-4. Plaintiff alleges that these defendants violated various of his rights by fabricating evidence, maliciously prosecuting him, conspiring to advance parole violation proceedings when the concurrent criminal proceedings floundered, and sentencing Plaintiff for a parole violation. *See id.* at 5-12. Plaintiff brings suit under 42 U.S.C. § 1983 for violation of various constitutional rights.

## II.  STANDARDS AND ANALYSIS

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679.

Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff here fails to state a claim for at least three reasons. First, Plaintiff's claims against the assistant district attorneys for malicious prosecution are barred by the doctrine of prosecutorial immunity. Such immunity protects eligible officials when they are acting pursuant to their official role as advocates performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 124-26 (1997). Such immunity applies regardless of allegations of malice, bad faith, or conspiracy. *See Ashelman v. Pope*, 793 F.2d 1072, 1077-78 (9th Cir. 1986) (en banc). Plaintiff's claims against the prosecutors are premised on allegations that they proceeded in the case against Plaintiff "with malice and without probable cause" and despite having exculpatory evidence. *See, e.g.*, Docket No. 1-1 at 8, 9. Such allegations cannot state a claim in light of the prosecutorial immunity that these attorneys hold.

Second, Plaintiff's claims against the parole board commissioners are barred by the doctrine of quasi-judicial immunity. Such immunity protects parole commissioners exercising quasi-judicial responsibilities in rendering parole decisions. *Sellars v. Procunier*, 641 F.2d 1295, 1302 (9th Cir. 1981). Quasi-judicial functions or those that are "functionally comparable to tasks performed by judges" exist where parole board members adjudicate whether the grant, deny, or revoke parole. *Swift v. Cal.*, 384 F.3d 1184, 1189 (9th Cir. 2004). Plaintiff's claims against the commissioners are premised on allegations regarding their handling of his parole revocation, including that they unfairly granted continuances of the revocation hearing so that the government could collect additional evidence and then ultimately made their determination when the government was ready to proceed. *See* Docket No. 1-1 at 9-11. Such allegations cannot state a claim in light of the quasi-judicial immunity that these commissioners hold.

Third, Plaintiff's claims against all Defendants are barred by the *Heck* doctrine. The Supreme Court has held that a § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In determining whether a § 1983 claim is barred by *Heck*, the critical question is whether finding in the plaintiff's favor would necessarily imply the invalidity of his conviction or sentence. *See, e.g., Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011).[2] In this case, Plaintiff alleges that the evidence used against him was fabricated, that there was not probable cause for his arrest, that government actors conspired to bring parole violation proceedings, and that his parole revocation proceedings were improper. Finding in Plaintiff's favor on these allegations would call into question the finding that he violated the terms of his parole and his subsequent sentence. *See, e.g.*, *Guerrero v. Gates*, 442 F3d 697, 703 (9th Cir. 2006) (holding that *Heck* barred claims for wrongful arrest, malicious prosecution, and conspiracy to bring false charges); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (holding that *Heck* barred claims for false arrest and false imprisonment); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that *Heck* bars Smithart's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him"). Moreover, Plaintiff does not allege that his sentence was reversed or otherwise invalidated; to the contrary, the record shows that Plaintiff served his sentence until he was again released on parole. *See, e.g.*, Docket No. 7 at 2.

In short, § 1983 claims[3] cannot be brought against prosecutors for their actions in relation to the judicial phase of the prosecution or against parole board commissioners for their actions in

---

[2] *Heck* applies to claims implicating the validity of a parole or probation revocation. *Cavanagh v. County of Ventura, Cal.*, 2011 WL 6210626, at *9 (C.D. Cal. Oct. 13, 2011) (collecting cases), *adopted*, 2011 WL 6225264 (C.D. Cal. Dec. 13, 2011).

[3] Plaintiff may also be attempting to bring a claim under state law. *See* Docket No. 1-1 at 10 (referencing alleged violation of the Nevada Constitution). The Court expresses no opinion herein on the validity of any state law claim. *Cf.* 28 U.S.C. § 1367(c)(3) (upon dismissal of federal claims, federal courts may decline to exercise supplemental jurisdiction over state law claims).

relation to revoking parole.  Moreover, claims cannot be brought more generally to the extent they would call into question the validity of the revocation of parole.  Although it is not clear that Plaintiff can cure these deficiencies, the Court will afford him the opportunity to amend his complaint to the extent he believes that he can do so.

### III. CONCLUSION

For the reasons explained above, Plaintiff's complaint is **DISMISSED** with leave to amend.  Plaintiff will have until **July 10, 2020**, to file an amended complaint, if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

**Failure to file an amended complaint by the deadline set above will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: June 11, 2020

_____
Nancy J. Koppe
United States Magistrate Judge